UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WAYNE MALLORY
LINDA MALLORY

      Vs

ALLIED SERVICING CORPORATION
PORCH SWING HOLDINGS, LLC

COMPLAINT

Plaintiffs, by their attorney, complain of Defendants as follows:

1.      Wayne Mallory and Linda Mallory are residents of the  State of Rhode

Island with an address of 21B Waterview Drive, Smithfield, Rhode Island. They

own said real estate, which is a single family condominium home.

2.      Plaintiffs executed a mortgage to Mortgage Electronic Registration Systems,

Inc. ("MERS") as nominee for Sovereign Bank on January 19, 2006 in the amount

of $28,000.00.

3.      A copy of this mortgage is attached as Exhibit A.

4.      This mortgage is a second mortgage with an original face value of

$28,000.00.

5.      Plaintiffs executed a first mortgage to Milford Federal Savings and Loan

Association on October 13, 2004 in the amount of $272,000.00.

6.      Plaintiffs are current on that mortgage and the balance of that mortgage is

approximately $232, 683.00.

1

7.  The fair market value of their home is approximately $345,000.00 in today's real estate market.

8.  Plaintiffs are current on the condominium association payments for their home.

9.  Wayne Mallory executed a note to Sovereign Bank on January 19, 2006.

10.  A copy of this Note is attached as Exhibit B.

11.  Defendant, Porch Swing Holdings, LLC ("Porch Swing") is a California Limited Liability Company.

12.  Porch Swing claims to have been assigned the mortgage and the note.

13.  However as indicated in this Motion, it has not been assigned the mortgage.

14.  Defendant, Allied Servicing Corporation ("Allied") is a Washington corporation.

15.  Allied is the loan servicer for the mortgage loan.

16.  The primary business of Allied is the collection of debts for other entities and mortgagees.

17.  Allied regularly collects debts for other entities such as mortgagees.

18.  However Allied is not licensed to do business in Rhode Island as a third party loan servicer as required by the provisions of R.I.G.L.19-14.11-1.

19.  Allied is also not licensed as a Debt Collector as required by the Rules and Regulations promulgated by the Rhode Island Department of Business Regulation.

20.     Allied is not registered with the Rhode Island Secretary of State as a corporation doing business in Rhode Island.

21.     On October 16, 2020, Allied became the loan servicer for the mortgage loan.

22.     When Allied began servicing the mortgage loan, Plaintiffs were in arrears of the mortgage loan and Allied treated the mortgage loan as if it were in default.

23.     Despite not being licensed to do business in Rhode Island as a loan servicer or debt collector, Allied has, without authority to do so,  sent mail to Plaintiffs and sent emails to Wayne Mallory in an attempt to collect a debt.

24.     It has also, without authority by the State of Rhode Island, hired the law firm of Orlans PC ("Orlans") to foreclose on Plaintiffs' home.

25.      Orlans, PC ("Orlans") on behalf of Allied, on May 5, 2021  scheduled a foreclosure sale for Plaintiff's home on  behalf of Allied and purportedly on behalf of Porch Swing as indicated by Exhibit C.

26.      This sale was scheduled for June 25, 2021 at 10:00 AM.

27.     Pursuant to RIGL 34-27-3.1, any foreclosure sale, commenced by a notice pursuant to RIGL 34-27-4(d), which has not been preceded by Notice of Foreclosure Counseling at least 45 days before the Notice of Sale will be void.

28.     A Notice of Foreclosure Counseling was never prepared or provided to Linda Mallory.

29.    Instead, Orlans mailed a Notice of Foreclosure Counseling to a person named Lisa Mallory who is not the mortgagor.

30.    A copy of this defective notice, dated July 29, 2020, is attached as Exhibit D.

31.    Thus any sale would have been void pursuant to the provisions of R.I.G.L 34-27-3.1.

32.    The sale was cancelled by Allied Servicing Corporation.

33.    However , Orlans mailed another Notice of Sale to  Plaintiffs dated August 11, 2021, attached as Exhibit E.

34.    As a result a sale is scheduled for October 5, 2021 at 11:00 AM.

35.    This Notice of Sale indicates that Orlans will foreclose by power of sale and by entry.

36.    There is no provision in Rhode Island law for foreclosure by the statutory power of sale and by entry.

37.     No employee of Orlans signed any letter to Plaintiffs.

38.    Plaintiffs have not received a Default Notice which strictly complied with the terms of the note or the mortgage.

39.    On March 19, 2021, Orlans sent a letter, which claimed that Plaintiffs owed $31,863.24, attached as Exhibit F.

40.    This letter included Servicer Advances of $106.74 and late charges of $126.50 and a Demand Fee of $150.00. The servicing advances included "Forced Placed Insurance", even though Plaintiffs always had insurance through their first mortgage.  Thus this charge was neither reasonable nor necessary and not verified by Allied Servicing.

41.    These charges were not permitted pursuant to the terms of the note or the mortgage in a default letter.

42.    The promissory note defines monthly payments as payments of principal and interest.

43.    The promissory note defines default as the failure to make the monthly payments.

44.    The mortgage in paragraph 18 permits expenses to be charged to the mortgage loan, only if the note had been accelerated with these charges to be paid in order to reinstate the note.

45.    Orlans mailed a purported default letter demanding these fees before any acceleration.

46.    The letter did not strictly comply with the note or the mortgage because it did not specify a specific date to cure a specific amount of a default, as required by paragraph 17(c) of the mortgage.

47.    Instead it stated:

To cure this default, payment for the entire toral amount plus any amount(s) that become(s) due in the interim must be received on or before 04/18/2021.

48.     The letter also did not strictly comply with the terms of the note and the mortgage by deceptively confusing Plaintiffs with the amounts due after acceleration, which had not yet occurred.

49.     Orlans, on behalf of Allied Servicing Corporation without referencing the owner of the note or the mortgage, referenced post acceleration charges, which it suggested were now due, when it stated:

**PRIOR TO SUBMITTING A PAYMENT, PLEASE CALL TO VERIFTY THE EXACT AMOUNT PAST DUE ON THE ACCOUNT.**

50.     This letter also deceptively stated "We encourage you to review the provisions of the note and mortgage".

51.     It stated this  instead of advising Plaintiffs that the right to reinstate would expire five days before the sale.


52.     After this purported default letter, Orlans mailed a letter  dated May 3, 2021 which claimed to accelerate the mortgage note.

53.     A copy of this letter is attached as Exhibit G.

54.     This letter deceptively stated:

You may have the right to reinstate the Mortgage Loan by paying all past due installments, late charges, delinquent taxes, insurance premiums and costs and fees incurred in the foreclosure. To request reinstatement information, contact our Loan Resolution Department at (781) 790-7800.

55.    This contradicted the terms of the mortgage by indicating that Plaintiffs may have the right to reinstate.

56.    The letter also advised of the need to obtain a  payoff amount due, which suggested that Plaintiffs could not reinstate by paying an arrearage as allowed by the terms of the mortgage and the note.

57.    Both of the Orlans letters deceptively stated the amount due on the mortgage loan.

58.    Plaintiffs' attorney mailed Allied Servicing a series of Requests for Information regarding its verification of the mortgage balance when it took over servicing of the loan.

59.    In its response to these Requests for Information, attached as Exhibit H, Allied Servicing stated:

Allied has no information from or for servicers prior to SN Servicing Corporation.

60.    As indicated by Exhibit I, SN Servicing Corporation began servicing the mortgage loan on February 17, 2019.

61.    Allied has no basis for its assertion that the mortgage loan is in arrears of

$31,000.00 as it has no records prior to February 17, 2019.

62.    Plaintiffs' attorney mailed a Request for Information which requested the

following information:

Has the consumer's mortgage note been lost? If so, with respect to the receipt of all
periodic payments of principal, interest and escrow, what was the contractual status
of the consumer's  mortgage loan when  the promissory note was lost, including all
documents on which you relied on to provide this information.

Please provide any lost note affidavit regarding the consumer's note.


63.    In its July 21, 2021 response,  Allied Servicing stated:

Allied Servicing Corporation is not the document custodian and we have no

knowledge of the condition of the mortgage note.

64.    If the note was lost by a prior owner, the current mortgagee cannot enforce

the note and foreclose as indicated by the provisions of R.I.G.L 6A-3-309 and the

Rhode Island Supreme Court case of *Note Capital v. Perretta*, attached to this

Affidavit.

65.    Neither Allied nor any entity acting on its behalf mailed another Notice of

Foreclosure Counseling to Plaintiffs prior to mailing this Notice of Sale.

66.    Thus any sale will be void due to the failure to comply with R.I.G.L. 34-27-

3.1.

67.    Linda Mallory was never sent a Notice of Foreclosure Counseling as indicated above.

68.    Porch Swing was not the mortgagee on that date, either by recording or by an actual assignment.

69.    The purported assignment to Porch Swing is attached as Exhibit J.

70.    This document was from an entity known as RTB Partners LLC ("RTB").

71.    This document was purportedly signed on January 31, 2019.

72.    However this document was not acknowledged and notarized on January 31, 2019.

73.    Instead this document bore the false acknowledgment of February 8, 2019.

74.    This purported assignment was not recorded until February 3, 2021.

75.    This purported assignment from RTB was void because on January 31, 2019 and February 8, 2019, RTB Partners LLC was not the mortgagee of record.

76.    RTB was not purportedly  assigned a mortgage from Park Tree Investments 14, LLC until September 24, 2020.

77.    A copy of this document is attached as Exhibit K.

78.    This document was recorded on October 14, 2020.

79.    On July 29, 2020, the only mortgagee of record, which could mail a Notice of Foreclosure Counseling was Park Tree Investments 14, LLC and not Porch Swing.

80.    As a result, these purported Notices of Foreclosure Counseling were

defective, thus precluding the mailing of a Notice of Sale to Plaintiffs.

81.    Since Plaintiffs did not receive a Notice of Foreclosure Counseling as

required by law,  any foreclosure sale will be void.

82.    Two days after the May 3, 2021 letter was mailed, Orlans on behalf of

Allied and Porch Swing mailed Plaintiffs a Notice of Sale.

83    Plaintiffs were not provided any time to even consider reinstatement.

84.    Allied has sent Plaintiffs  a form to fill out for a loan workout or

modification at the same time it was  seeking to foreclose on their home.

85.     Plaintiffs have more than $60,000.00 of equity in this property.

86.    Any foreclosure sale will be subject to the first mortgage balance, taxes and

water and sewer

87.    Plaintiffs will be irreparably harmed if the foreclosure sale that is scheduled

for October 5, 2021 and causes the sale of their home.

88.Plaintiffs  have a substantial likelihood of success in the pending action, would

otherwise suffer irreparable harm and can claim the greater hardship in the absence

of an order, which will not disserve the public interest if imposed.

89.    The failure of the Defendant to comply with RIGL 34-27-3.1 and the terms

of  the note and mortgage renders void any attempt to commence the alleged

foreclosure by Statutory Power of Sale, without having the contractual or statutory ability.

90.     If the note is lost as suggested by Defendant, which has no knowledge of the note's condition, it cannot foreclose as it is not owed any funds.

## JURISDICTION

92.     This Court has diversity jurisdiction, because Plaintiffs are residents of the State of Rhode Island and defendants are residents of other states and the amount in controversy, the value of the Plaintiffs' home and the equity in the Plaintiffs' home is worth more than $75,000.00.

93.     In addition, this Court has supplemental jurisdiction to bring an action against Porch Swing because it has a Federal Claim against Allied Servicing Corporation pursuant to the Fair Debt Collection Practices Act.

## COUNT I

BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND DEALING

94.     Paragraphs 1-94 are incorporated by reference.

95.      As alleged in this complaint, neither Allied nor Porch Swing have sent Plaintiffs a default notice which strictly complies with the provisions of the note and the mortgage.

96.     As alleged in this complaint, neither Allied nor Porch Swing have sent Plaintiffs an acceleration notice which strictly complies with the provisions of the note and the mortgage.

97.     This is not the first time that Defendants have mailed Plaintiffs a Notice of Sale, without a valid default letter.

98.     On May 3, 2021 Orlans mailed them a Notice of Sale, attached as Exhibit C.

99.     At least 45 days prior to this May 3, 2021, Notice of Sale being mailed, Allied mailed  Wayne Mallory and a person named Lisa Mallory  a Notice of Foreclosure Counseling pursuant to R.I.G.L 34-27-3.1, attached as Exhibit D for this previous sale.

100.    R.I.G.L 34-27-3.1 states:

 (a) No less than forty-five (45) days prior to initiating **any** foreclosure of real estate pursuant to subsection 34-27-4(b), the mortgagee shall provide to an individual consumer mortgagor written notice of default and the mortgagee's right to foreclose by first class mail at the address of the real estate and, if different, at the address designated by the mortgagor by written notice to the mortgagee as the mortgagor's address for receipt of notices.

(b) The written notice required by this section shall be in English and Spanish and, provided the same is then available, shall advise the mortgagor of the availability of counseling through HUD-approved mortgage counseling agencies and, the toll-free telephone number and website address maintained to provide information regarding no-cost HUD-approved mortgage counseling agencies in Rhode Island. The written notice may also contain any other information required under federal law. A form of written notice meeting the requirements of this section shall be promulgated by the department of business regulation for use by mortgagees at least thirty (30) days prior to the effective date of this section. Counseling shall be provided at no cost to the mortgagee.

(c) Failure of the mortgagee to provide notice to the mortgagor as provided herein shall render the foreclosure void, without limitation of the right of the mortgagee thereafter to reexercise its power of sale or other means of foreclosure upon compliance with this section. The mortgagee shall include in the foreclosure deed an affidavit of compliance with this section.

(d) As used herein and in this chapter, the term "HUD" means the United States Department of Housing and Urban Development and any successor to such department. (emphasis added)

101.   This statute mandates that any time that before any such Notice of Sale is mailed to a homeowner, the mortgagee must provide the homeowner  a separate Notice of Foreclosure Counseling each time at least 45 days prior to the mailing of any Notice of Sale.

102.   Plaintiffs have not been provided  a Notice of Foreclosure Counseling in conjunction with this Notice of Sale, contrary to the statute.

103    As a result of this failure to comply with R.I.G.L 34-27-3.1, neither Porch Tree nor Allied can exercise the statutory power of sale and foreclose on his property.

104.   Any such sale would be void.

105.   Due to this failure to comply with the terms of the mortgage  and note,  no entity was contractually authorized to exercise the statutory power of sale and foreclose on the Plaintiffs' home.

106.   The actions of  Porch Tree through Allied and Orlans constituted a breach of contract, resulting in damages to the Plaintiffs who hired an attorney to commence this case.

106.   The mortgage contract between Plaintiffs and the mortgagee and its successor or assignee contained an implied covenant of good faith and dealing between the parties so that the contractual obligation of the contract might be achieved.

107.   If it owns the mortgage and note, Allied  violated the covenant of good faith and dealing by scheduling a foreclosure sale in violation of the terms of the mortgage and note by seeking to exercise the statutory power of sale without the lender having first sent a default notice to the Plaintiff, which contained language required by the terms of the mortgage,  a Notice of Foreclosure Counseling and a Notice of Sale by certified mail.

108.   The failure to send these notices and letter pursuant to the terms of the mortgage and then mailing a Notice of Sale were  actions taken contrary to the contractual and statutory obligations of the parties.

109.   As a result, Plaintiffs have incurred the following damages:

   a.   Plaintiffs have  incurred the cost of filing this action in the form of filing fees and service fees, incurred in order to stop two nonjudicial foreclosures, which was in violation of the terms of the mortgage, note and statutory law of Rhode Island.

b.    Plaintiffs' mortgage loan account has been charged fees and costs which were not permitted without a valid default letter having being sent to them.

c.    Plaintiffs have incurred damages for their aggravation, humiliation, embarrassment, loss of privacy, strain on personal relationships, loss of enjoyment of life, sleepless nights, worry and anxiety. They have incurred stress with mail advising them that their home will be sold at a public auction.

d.    Plaintiffs have has incurred attorney fees and costs to obtain an injunction to stop the illegal foreclosures.

e.    Plaintiffs have incurred attorney fees and costs for the prosecution of this action.

110   The conduct of Porch Swing was willful, wanton and reckless, warranting the imposition of punitive damages.

111.  Porch Swing ignored the clearly stated terms of the mortgage and noteand case law in this Court and in the State of Rhode Island holding that a mortgage contract involves strict compliance in order to exercise the statutory power of sale.

112.  Instead Porch Swing has gone forward and have sought to exercise the statutory power of sale without a valid default notice, a valid acceleration notice and without a Notice of Foreclosure Counseling.

113.  Porch Swing, if it owns the mortgage, has breached the mortgage contract by charging the Plaintiffs excessive and unreasonable and unnecessary expenses for a previous improper foreclosure and inaccurate charges.

15

114.   Porch Swing, if it owns the mortgage,  has breached the contract by charging monthly property preservation fees for the mortgage loan account which were neither reasonable nor necessary and which were not actually paid contrary to the terms of the mortgage.

WHEREFORE, Plaintiffs demand the following relief:

a.   Damages against Porch Swing for failure to comply with the terms of the mortgage.

b.   Damages against Porch Swing for charging the Plaintiffs unreasonable and unnecessary foreclosure  fees and other improper and unreasonable and unnecessary costs charged to the mortgage loan account.

c.   Actual damages attributable to the aggravation, humiliation, embarrassment, loss of privacy, strain on personal relationships, loss of enjoyment of life, sleepless nights, worry and anxiety and stress suffered by the Plaintiffs.

d.   Damages for punitive damages

e.   Legal fees from  Porch Swing  pursuant to the provisions of R.I.G.L § 9-1-45.

f.   All other just and proper relief.

WAYNE MALLORY
LINDA MALLORY

By his Attorney

September 30, 2021

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

## COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

115.   Paragraphs 1-114 are incorporated by reference.

116.   The primary business of Allied is the collection of debts.

117.   On October 16, 2020, when Allied commenced servicing Plaintifffs'
mortgage loan account, Plaintiffs were delinquent on their mortgage.

118.   Allied has used unfair and unconscionable means to collect or
attempt to collect a debt against the Plaintiffs.

119.   Allied, through its attorney, has threatened to commence and has
claimed to have commenced two non-judicial foreclosure to effect dispossession of
the Plaintiffs of their property even though Allied and Porch Swing had no
present right to possession of the property claimed as collateral through an
enforceable security interest.

17

120.   In fact the mortgage was not assigned to Porch Swing.

121.    It also made a threat to take legal action which could not legally be taken in an attempt to collect a debt from Plaintiffs.

122.   Specifically it stated, through its attorney, by the letter dated August 11, 2021 a Mortgage Foreclosure sale of the Plaintiffs' property would occur October 5, 2021at 11:00 AM.

123.   The threat to conduct a Mortgage Foreclosure Sale on October 5, 2021 was a deceptive action on the part of Allied due to the failure to provide a Notice of Foreclosure counseling or a default notice or acceleration notice.

124.    It  had previously made a threat to take legal action which could not legally be taken in an attempt to collect a debt from Plaintiffs.

125.   Specifically it stated, through its attorney, by the letter dated May 5, 2021 that a Mortgage Foreclosure sale of the Plaintiffs' property would occur June 25, 2021 at 10:00 AM.

126.   The previous threat to conduct a Mortgage Foreclosure Sale on June 25, 2021 was a deceptive action on the part of Allied due to the failure to provide a Notice of Foreclosure counseling to Linda Mallory or a default notice or acceleration notice pursuant to the terms of the mortgage and note.

127. Each of these actions of Allied was a violation of 15 U.S.C. 1692e(5).

128. The facts alleged in this complaint establish that Porch Swing did not have the present right to possession of the property claimed as collateral through an enforceable security interest.

129. As alleged above, Allied violated 15 U.S.C 1692e(5) by threatening to take legal action which it could not take.

130. Allied also violated section 1692e of the FDCPA by using false deceptive and misleading representations or means in connection with the collection of this alleged debt.

131. Allied made false representations regarding the character and legal status of the debt, namely that the loan had been accelerated and that Porch Swing was the owner of the mortgage and could exercise the statutory power of sale in an attempt to collect a debt.

132.   All the actions of Allied, alleged in this complaint, were designed to compel the Plaintiffs to pay monies to Allied on behalf of Porch Swing individually and through its attorney, on behalf of the alleged owner of the note and mortgage under the false threat of foreclosure of their home unless they made such a payment to Allied, through its attorney on behalf of the entity, which claimed to own the note.

133. 15 U.S.C. § 1692(f) provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

134. 15 U.S.C. § 1692(d) provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

135. Allied violated 15 U.S.C. § 1692(f) because its conduct as outlined herein constitutes an unconscionable means to collect or to attempt to collect a debt.

136. Allied violated 15 U.S.C. § 1692(d) by employing an unfair and unconscionable means to collect the subject debt.

137. Allied's conduct has caused Plaintiffs to suffer great emotional distress driven by the fear that they might lose their home which has resulted in loss of sleep, anxiety, depression, and embarrassment.

138. Allied's conduct was outrageous, willful, and wanton, and it showed a reckless disregard for Plaintiffs' rights.

139. The Plaintiffs have incurred actual damages as a result of the violations of the FDCPA:

a. Plaintiff, Wayne Mallory has incurred the cost for gasoline to visit his attorney on at least four occasions driving to his attorney's office for four round trips totaling more than 30.2.4 miles each prior to the filing of this case in order to seek to take action to prevent the illegal foreclosures. The IRS standard mileage allowance provides for .56 per mile.

b.      Plaintiff, Wayne Mallory  has used his cell phone to call and receive calls from his attorney prior to the filing of this case in order to seek to take action to prevent the illegal foreclosures. These calls are charged to him pursuant to her cell phone usage and monthly fees.

c. Plaintiff has used electricity to recharge his cell phone for calls when he spoke with his attorney prior to the filing of this case in order to seek to take action to prevent the illegal foreclosures

d.      He has incurred attorney fees and costs to respond to these false communications prior to the filing of this case.

e. Plaintiffs have suffered emotional damages for embarrassment and humiliation by the advertising of a foreclosure of their home.

WHEREFORE, Plaintiffs  demand that Judgment be entered against Allied for the following relief:

A. Judgment against Allied for actual damages, and statutory damages of $1,000.00 for each violation of the FDCPA.

B. Legal fees for the prosecution of this action.

C. For all other just and proper relief.

WAYNE MALLORY
LINDA MALLORY

By their Attorney

September 30, 2021

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

## COUNT III

### INJUNCTIVE RELIEF

140.   Paragraphs 1-139 are incorporated by reference.

141.   Plaintiffs will be irreparably harmed if the foreclosure sale that is scheduled for October 5, 2021 occurs and causes the sale of their home.

142.   Plaintiffs have significant  equity in this property  and this mortgage is subject to a first mortgage of approximately $232,000.00.

143.   Plaintiffs have a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

144.   The facts alleged in this case demonstrate that Plaintiffs have a substantial likelihood of success.

145.   The fact that the note may be lost and the mortgage has not been assigned to Porch Swing demonstrates that Plaintiffs have a substantial likelihood of success.

146.   Likewise a foreclosure of their property by a party not entitled to foreclose on the property will cause them irreparable harm, which hardship is greater than any hardship, which may be claimed by defendant. Such relief sought by them will not disserve the public interest if imposed.

WHEREFORE, Plaintiff demands that this Courtt:

a.      Declare that all actions of Porch Swing in attempting to foreclose on the Plaintiffs' property, without complying with the provisions of R.I.G.L. § 34-27-4  R.I.G.L. § 34-27-3.1,   and the terms of the mortgage and note as modified are void.

a.  Grant a Preliminary Injunction Restraining and Enjoining Porch Swing Holdings, LLC, Allied Servicing Corporation or any other entity acting on their behalf from conducting, advertising or continuing a  foreclosure  sale at 21 B Waterview Drive, Smithfield, Rhode Island on October 5, 2021 at 11:00 AM or at any other time pending a hearing pending a hearing on a Permanent Injunction.

b.  Grant a Permanent Injunction Restraining and Enjoining Porch Swing, LLC, Allied Servicing Corporation or any other entity acting on their behalf from conducting, advertising or continuing a  foreclosure  sale at 21 B Waterview Drive, Smithfield, Rhode Island on October 5, 2021 at 11:00 AM or at any other time.

c.  Award the Plaintiffs actual damages and compensatory damages and legal fees and costs against the Defendants for scheduling a foreclosure without strictly complying the   terms of the mortgage or the note, or R.I.G.L. 34-27-3.1.

d.  Grant all other just and proper relief.

                                    WAYNE MALLORY
                                    LINDA MALLORY
                                    By their attorney,


September 30, 2021                   /s/ John B. Ennis
                                    JOHN B. ENNIS, ESQ. #2135
                                    1200 Reservoir Avenue
                                    Cranston, Rhode Island 02920
                                    (401) 943-9230
                                    Jbelaw75@gmail.com


Plaintiffs demand a Trial by Jury